NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3327
_____

BERNARD F. GANSKI, JR.; LORRAINE V. GANSKI,
Appellants

v.

WOLFF LIGHTING SYSTEMS; CASSANDRA WOLFF
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cv-01903)
District Judge:  Honorable Thomas J. Rueter

Submitted Under Third Circuit LAR 34.1(a)
April 22, 2013

BEFORE:  JORDAN, ALDISERT, and NYGAARD, *Circuit Judges*

(Filed: April 30, 2013)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Bernard F. Ganski, Jr. and Lorraine V. Ganski appeal the Magistrate Judge's

dismissal of their Rule 59 motion for a new trial.  The Ganskis claim the Magistrate

1

Judge erred by submitting the issue of causation to the jury, and assert that the verdict was contrary to the weight of the evidence. We review the District Court's denial of a motion for a new trial for an abuse of discretion. *Brennan v. Norton,* 350 F.3d 399, 430 (3d Cir. 2003). We will affirm.

Following Cassandra Wolff's stipulation to breaching her duty of care, the jury considered whether she caused injury to Bernard Ganski when she failed to stop her car, owned by Wolff Lighting, striking the back of the car Ganski was driving. The Ganskis maintain that there was agreement among all of the experts that Bernard Ganski sustained at least de minimis injury from the accident, and that the Magistrate Judge erred by sending the causation question to the jury. Moreover, the Ganskis contend that the jury unreasonably ignored medical test results that they say were objective evidence of serious injury.

We disagree that there was consensus among all of the expert witnesses that the accident caused Bernard Ganski at least de minimis injury. The Magistrate Judge correctly distinguished between the statement by the defendant's expert and a conclusion that the accident caused an injury. Also, Wolff cross-examined the treating physician and argued that his testimony should be rejected as unbelievable. We find no error in either the Magistrate Judge's decision to submit the causation question to the jury, nor in his instruction to the jury.

Moreover, the jury is entitled to discredit any or all of the opinions proffered on medical evidence and must weigh all of the evidence in its consideration of a causal link between the accident and injuries. The defense provided a sound basis for the jury to

2

doubt the nature and origin of claimed injuries. Therefore, the Magistrate Judge did not err by concluding that the jury's verdict was not a miscarriage of justice.

For these reasons, we will affirm the order of the Magistrate Judge dismissing the motion for a new trial.